UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURINDER BAL, et al., <br><br>    Plaintiffs, <br><br>  v. <br><br> OURARING INC., et al., <br><br>    Defendants. | Case No. 25-cv-05518-RFL <br><br> **ORDER TO SHOW CAUSE** |

  Plaintiffs are ordered to show cause why subject matter jurisdiction exists in this case. The complaint alleges that diversity jurisdiction exists under 28 U.S.C. § 1332. (Dkt. No. 1 ¶ 10.) But Plaintiffs are alleged to be foreign citizens, and one Defendant is also alleged to be a foreign citizen. (*Id.* ¶¶ 6–8.) While diversity jurisdiction may exist in certain cases involving foreign parties, *see* 28 U.S.C. § 1332(a) (diversity requirement met between "citizens of a State and citizens or subjects of a foreign state" and between "citizens of different States and in which citizens or subjects of a foreign state are additional parties"), there is no diversity jurisdiction in cases involving a foreign citizen plaintiff suing a foreign citizen defendant, even if there is also a citizen defendant present. *See Jungil Lee v. ANC Car Rental Corp.*, 220 Fed. Appx. 493, 495 (9th Cir. 2007) (dismissing case where foreign plaintiffs sued foreign and U.S. citizen defendants); *see also Faysound, Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294–95 (9th Cir. 1989). Therefore, it does not appear that diversity jurisdiction exists. Nor does it appear that any other basis for subject matter jurisdiction can been alleged.

  Therefore, Plaintiffs are **ORDERED** to file a written response of no more than five pages, by **December 5, 2025**, regarding the basis for subject matter jurisdiction. Defendants

may file an optional reply of no more than five pages, by **December 12, 2025**.  The case management conferences set for December 10, 2025, and associated deadlines are **VACATED** and will be reset, if necessary, after the Court receives the response to this Order.

**IT IS SO ORDERED.**

Dated: November 19, 2025

RITA F. LIN
United States District Judge